IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**CENTER FOR INDIVIDUAL**
**FREEDOM, INC.,**

    **Plaintiff,**

v.                                                    CIVIL ACTION No. 1:08-00190

**BETTY IRELAND, et al.,**

    **Defendants.**

### MEMORANDUM OPINION & ORDER

Pending before the court are Betty Ireland's motion to dissolve the preliminary injunction entered by this court on April 22, 2008 (Doc. No. 63); the motion of West Virginia Education Association, West Virginia American Federation of Labor and Congress of Industrial Organizations to vacate the same preliminary injunction (Doc. No. 61); the motion of Menis Ketchum, Bob Bastress, and Margaret L. Workman to vacate the preliminary injunction (Doc. No. 64); the motion of Timothy D. Boggess to adopt Betty Ireland's motion to dissolve (Doc. No. 65); Betty Ireland's motion for an expedited hearing (Doc. No. 69); and the motion of Betty Ireland to supplement the record (Doc. No. 78).

**I.**    **Background**

On April 22, 2008, this court issued a preliminary injunction prohibiting enforcement of certain provisions of the West Virginia Code (W. Va. Code §§ 3-8-1a(11), 3-8-1a(14), 3-8-2,

3-8-2b, 3-8-5(a), 3-8-8(b)(2)(H), 3-9-14) and West Virginia Code of State Rules (W. Va. Code R. § 143-1-3) that were designed to regulate the financing of elections for public office.  (Doc. Nos. 37, 38.)  The defendants did not appeal the issuance of the preliminary injunction.  However, during the second extraordinary session of the West Virginia Legislature, held June 24, 2008, to June 28, 2008, the West Virginia House of Delegates in collaboration with the West Virginia Senate, by way of House Bill 219, amended the various provisions of West Virginia's Election Code (W. Va. Code §§ 3-8-1, 3-8-1a, 3-8-4, 3-8-5, 3-8-8, 3-9-14), in effort to cure the constitutional infirmities contained therein.  (Doc. No. 54.)  House Bill 219 was signed into law by West Virginia's Governor on July 14, 2008.  (Id.)  The internal effective date of House Bill 219 is October 1, 2008.  (Id.)

**II.  Analysis**

Distilled to their essence, the various motions submitted by the parties ask but one question: does the preliminary injunction entered by the court on April 22, 2008, extend to the newly enacted statutes and, therefore, enjoin their enforcement?  The court must answer this question in the negative.  First, plaintiff has not cited one case for the rather extraordinary proposition it espouses herein- - i.e., that a court can enter a preliminary injunction prohibiting enforcement of statutes which

thereafter undergo substantial amendment[1] and that, without a new hearing or second motion for preliminary injunction, the preliminary injunction enjoins enforcement of the newly amended statutes.  In fact, common sense and what little case law exists on the subject suggest otherwise.  See, e.g., Virginia Society for Human Life, Inc. v. Caldwell, 1999 WL 598846, *5 n.3 (4th Cir. 1999) ("At this point, the preliminary injunction entered by the district court enjoining Virginia from enforcing the 1995 Statutes became moot inasmuch as VSHL's § 1983 challenge shifted from the 1995 Statutes to the Amended Statutes.").  Indeed, preliminary injunctions are subject to Federal Rule of Civil Procedure 52(a) which requires a district court to "set forth the findings of fact and conclusions of law which constitute the grounds for its actions."  See Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 423 (4th Cir. 1999).  In granting plaintiff's motion for a preliminary injunction, the court made very specific findings tailored to the statutes as they were then written.  Obviously, because the statutes have been amended, the

---

[1] By "substantial amendment," the court does not suggest that the newly enacted statutes pass constitutional muster.  Such an inquiry is inappropriate herein and better left to such a time as plaintiff files a second motion for preliminary injunction (if it chooses to do so) or when the court renders a final decision on the merits.  What is meant by "substantial amendment" is that the statutes have been sufficiently altered such that any decision as to their constitutionality must begin anew with a close look at the amended statutes themselves and not with a view that they must be unconstitutional because the ones subject to the preliminary injunction were found to be so.

factual findings supporting the injunction are not tailored to the amended statutes. As such, were the court to enjoin enforcement of the statutes as amended based on its earlier findings, it would be running afoul of its duty under Fed. R. Civ. P. 52.

Furthermore, the doctrine of mootness, to which a great deal of the parties' case law authority is directed, see, e.g. Brooks v. Vassar, 462 F.3d 341 (4th Cir. 2006), is not at issue here because plaintiff filed an amended complaint challenging the statutes as amended.

**III. Conclusion**

For the foregoing reasons, Betty Ireland's motion to dissolve the preliminary injunction entered by this court on April 22, 2008 (Doc. No. 63) is **GRANTED** insofar as it seeks dissolution of the injunction as applied to the newly enacted statutes when they take effect on October 1, 2008.[2] For the same

---

[2] Of course the dissolution of this court's preliminary injunction on October 1, 2008, does not mean that either the new or old version of West Virginia's Election Code may be applied to violations that are alleged to have occurred prior to October 1, 2008. Thus, the law as stated in this court's order imposing preliminary injunction will remain in effect with regard to violations alleged to have occurred prior to October 1, 2008. See Charles v. Daley, 749 F.2d 452, 457 (7th Cir. 1984)(Amendment of a statute did not moot an action to enjoin the earlier version, since the plaintiffs remained subject to possible prosecution for acts they may have committed during the period between expiration of a preliminary injunction that barred enforcement of the earlier version and the enactment of the amended version).

4

reasons, the motions to vacate filed by West Virginia Education Association, West Virginia American Federation of Labor and Congress of Industrial Organizations (Doc. No. 61) and Menis Ketchum, Bob Bastress, and Margaret L. Workman (Doc. No. 64) are **GRANTED** insofar as they are consistent with the court's resolution of Ireland's motion to dissolve.  The motion of Timothy D. Boggess to adopt Betty Ireland's motion to dissolve (Doc. No. 65) is **GRANTED**; Betty Ireland's motion for an expedited hearing (Doc. No. 69) is **DENIED**; and the motion of Betty Ireland to supplement the record (Doc. No. 78) is **DENIED** as moot.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED** this 29th day of September, 2008.

>ENTER:
>
>*/s/ David A. Faber*
>David A. Faber
>United States District Judge