# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BLUEFIELD

| | |
|---|---|
| CENTER FOR INDIVIDUAL FREEDOM, INC., <br>                       Plaintiffs, <br><br> v. <br><br> BETTY IRELAND, West Virginia Secretary of State, and TIMOTHY D. BOGGESS, Mercer County Prosecuting Attorney as representative of the class of prosecuting attorneys in West Virginia, <br>                       Defendants, <br><br> WEST VIRGINIA EDUCATION ASSOCIATION, WEST VIRGINIA AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS, ROBERT M. BASTRESS, JR., MARGARET L. WORKMAN, AND MENIS E. KETCHUM <br><br>                 Intervening Defendants, <br><br> WEST VIRGINIANS FOR LIFE, INC., and <br> ZANE LAWHORN, <br>                       Plaintiffs, <br> v. | CIVIL ACTION NO. 1:08-cv-00190 <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> CIVIL ACTION NO. 1:08-cv-01133 |

**WVFL MOTION TO RECONSIDER AND
RESPONSES TO MOTIONS TO INTERVENE AND DISMISS**

1

|  |  |
|---|---|
| BETTY IRELAND, in her official capacity as Secretary of State for West Virginia and as a member of the West Virginia Election Commission, and<br><br>TIMOTHY D. BOGGESS, in his official capacity as Prosecuting Attorney for Mercer County, West Virginia, as representative of the class of prosecuting attorneys in West Virginia,<br>        Defendants. |  |

**MOTION BY PLAINTIFFS WVFL AND LAWHORN FOR RECONSIDERATION OF THE COURT'S OCTOBER 9 ORDER, RESPONSE BY PLAINTIFFS TO MARGARET L. WORKMAN'S MOTION TO INTERVENE AS DEFENDANT**
**AND**
**RESPONSE BY PLAINTIFFS WVFL AND LAWHORN TO WORKMAN'S MOTION TO DISMISS**

On October 3, 2008, Margaret L. Workman moved to intervene in *West Virginians for Life, Inc. v. Ireland,* No. 1:08-cv-01133 ("*WVFL*"), and moved to dismiss for failure to state a claim.[1] On October 9, with this action having been consolidated with *Center for Individual Freedom v. Ireland,* No. 1:08-cv-00190, in which Workman had already intervened, the parties received an order denying Workman's motion to intervene in *WVFL* as moot and ordering Plaintiffs to respond to the motion to dismiss by October 10.

---

[1] Thereafter, the firm acting as lead counsel for Plaintiffs WVFL and Lawhorn received a telephone call from the courthouse inquiring whether Plaintiffs would oppose the motion to intervene, and the firm responded affirmatively.

Plaintiffs WVFL and Lawhorn respectfully move for reconsideration of the Court's October 9 order, ask that the Court deny Workman's motion to intervene, and ask that the Court deny her motion to dismiss.

**Motion to Intervene**

Workman did not follow the proper procedure in moving to intervene as to Plaintiffs WVFL and Lawhorn. Workman is incorrect in stating that Plaintiffs seek an order relating to ads that are "with respect to that election[,]"[2] and that "misstat[e] and misconstru[e] a decision authored by Workman[,]"[3] yet that is not why Plaintiffs oppose her motion to intervene. Plaintiffs oppose her motion to intervene, because no "pleading that sets out the claim or defense for which intervention is sought" accompanied the motion to intervene. *See* FED. R. CIV. P. 24.c (2007). While a motion to dismiss and a brief supporting the motion accompanied the motion to intervene, these are not pleadings. Pleadings include only "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." *Id.* 7.a (2007), *followed in Granger v. Gill Abstract Corp.,* 566 F. Supp.2d 323, 335 (S.D.N.Y. 2008).

In a decision following the 2007 amendments to the Federal Rules of Civil

---

[2] MOT. OF MARGARET L. WORKMAN TO INTERVENE AS DEF. at 1.

[3] *Id.* at 2.

Procedure, which clarified Rule 7 by adding this language, *see* FED. R. CIV. P. 7, Advisory Comm. Notes, 2007 Amend., one district court held:

> Pursuant to Federal Rule of Civil Procedure 24(c), a "person desiring to intervene shall serve a motion ... that shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." A proposed intervenor must comply with the requirements of Rule 24(c). *See S.E.C. v. Investors Sec. Leasing Corp.,* 610 F.2d 175, 178 (3d Cir.1979). Rule 24(c) is intended to "enable the court to properly frame the issues, and to inform the parties against whom some right is asserted or relief sought." *In re Pantopaque Prods. Liab. Litig.,* 938 F.Supp. 266, 274 (D.N.J. 1996).
>
> Here, Movant has not provided a pleading as is required by the Rule.

*Waudby v. Verizon Wireless Services, LLC,* 248 F.R.D. 173, 175 (D.N.J. 2008) (denying a motion to intervene).

The fact that Workman has intervened in the lead case does not automatically grant her the right to intervene as to Plaintiffs WVFL and Lawhorn. "Common questions of law and fact" between the two cases, standing alone, "do not require intervention." *Schneider v. U.S.,* 197 F.R.D. 397, 402-03 (D.Neb. 2000) (citing *Brewer v. Republic Steel Corp.*, 64 F.R.D. 591 (N.D. Ohio 1974)).

**Motion to Dismiss**

Because Workman has not properly intervened, no motion by her is properly before the Court, and there is no need to consider her motion to dismiss. In the alternative, Plaintiffs oppose her laches-based motion to dismiss for failure to state a claim for several reasons.

WVFL MOTION TO RECONSIDER AND
RESPONSES TO MOTIONS TO INTERVENE AND DISMISS

4

First, because Workman's allegation of laches depends on questions of fact, and conclusions that Workman invites the Court to reach based on these facts,[4] the allegation of laches is inappropriate to raise on a motion to dismiss for failure to state a claim. *See Goldberg v. Cameron*, 482 F. Supp.2d 1136, 1152 (N.D. Cal. 2007); *Carell v. Shubert Org., Inc.* 104 F. Supp.2d 236, 263 (S.D.N.Y. 2000) ("The defense of laches is not appropriately raised in a motion to dismiss, unless 'it is clear on the face of the complaint and plaintiff can prove no set of facts to avoid the insuperable bar.'" (quoting *Lennon v. Seaman,* 63 F. Supp.2d 428, 439 (S.D.N.Y.1999))); *Federal Express Corp. v. U.S. Postal Service,* 75 F. Supp.2d 807, 814 (W.D. Tenn. 1999) ("As evaluation of a claim of laches is dependant upon the submission of evidence, Fed. R. Civ. P. 12(b)(6) is not the proper vehicle for bringing such a request."); *Karlen v. New York Univ.,* 464 F. Supp. 704, 708 (S.D.N.Y. 1979) ("The Court similarly finds the question whether this action is barred by … laches to be premature. The defense of laches is an affirmative defense under Fed. R. Civ. P. 8(c) and properly should be raised in the defendant's answer and not upon a motion to dismiss. Even if the Court were to reach this question, however, issues of fact … abound which would prevent decision at this time.").

Second, in considering a motion to dismiss for failure to state a claim, a court looks only to the complaint, *e.g., Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008), and "construe[s] the factual allegations of the complaint 'in the light most

---

[4] MARGARET L. WORKMAN MEM. IN SUPP. OF MOT. TO DISMISS at 4.

favorable to plaintiff[s].'" *Schweikert v. Bank of Am., N.A.,* 521 F.3d 285, 288 (4th Cir. 2008) (quoting *Battlefield Builders, Inc. v. Swango,* 743 F.2d 1060, 1062 (4th Cir. 1984)). Because Workman's motion to dismiss for failure to state a claim looks beyond the complaint, and construes purported facts in a light other than one most favorable to Plaintiffs,[5] her motion is due to be denied. It is also due to be denied, because the complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Giarratano,* 521 F.3d at 302 (quoting *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007)) (emphasis omitted).

Third, what Workman states does not support dismissing this action for failure to state a claim. Workman's assertion that the 2008 election will shape the West Virginia Supreme Court of Appeals[6] does not affect whether Plaintiffs have stated a claim upon which the Court may grant relief. Nor does her assertion that the 2008 election will shape *her career* for over a decade.[7] Her career does not determine Plaintiffs' First Amendment rights. Nor do her campaign plans.[8] By asserting that she "has not contemplated that the election rules would be changed" during the campaign,[9] that she has an "interest in concluding a general election a

---

[5] *See, e.g., id.*

[6] *Id.* at 2.

[7] *Id.*

[8] *Id.* at 2-3.

[9] *Id.* at 3.

little more than a month away under the rules and laws in effect at the start of the primary season[,]"[10] and that "these proceedings ... cause a distraction from her campaign plans[,]"[11] she is in effect asserting that a court may not strike down any unconstitutional election law during a campaign, and thereby uphold the First Amendment rights of those seeking to engage in political speech, when this will distract a candidate.

If this were the law, then the Supreme Court could not have held for the plaintiff in *FEC v. Wisconsin Right to Life, Inc.,* 551 U.S. ___, 127 S.Ct. 2652 (2007) ("*WRTL II*"). WRTL's political speech would have distracted a senator during his re-election campaign, but that did not mean WRTL had no right to engage in the speech. Not even the Federal Election Commission, as aggressive as it was in seeking to restrict First Amendment rights, *see, e.g., id.* at 2664 (rejecting the government's contention that the speaker has the burden of proof on an as-applied challenge (citing *First National Bank of Boston v. Bellotti,* 435 U.S. 765, 786 (1978))), made that assertion in *WRTL II*. Candidates do not get to use election law for the purpose of protecting themselves from criticism. *See, e.g., McConnell v. FEC,* 540 U.S. 93, 249-50, 262-63 (2003) (Scalia, J., dissenting).

Under Workman's view of the law, if government banned all independent expenditures, *contra Buckley v. Valeo,* 424 U.S. 1, 39-51 (1976), and electioneering

---

[10]*Id.*

[11]*Id.* at 6.

communications, *contra WRTL II,* 127 S.Ct. at 2667, or regulated political speech that is not unambiguously campaign related, *contra North Carolina Right to Life, Inc. v. Leake,* 525 F.3d 274, 281, 287 (4th Cir. 2008) ("*NCRL III*"), on October 1, 2009, and a candidate began campaigning on October 2, 2009, for a general election on November 2, 2010, anyone wanting to do independent expenditures, electioneering communications, or political speech that is not unambiguously campaign related would be out of luck for 13 months.

Even under the opinion upon which Workman principally relies, *White v. Daniel*, 909 F.2d 99 (4th Cir. 1990), she does not prevail on her motion to dismiss. Laches requires the movant to show two elements. *Id.* at 102; *see also Giddens v. Isbrandtsen Co.*, 355 F.2d 125, 128 (4th Cir. 1966).

• Workman has not shown Plaintiffs inexcusably delayed in filing suit *Cf. White,* 909 F.2d at 102. Workman attempts to show delay by citing the existence of a suit by a different organization.[12] However, the existence of another suit does not mean Plaintiffs inexcusably delayed in filing theirs. Moreover, the other suit challenged only West Virginia law as it existed before the June 2008 amendments. Plaintiffs challenge both the pre-June 2008 law and the amended law.[13] Plaintiffs could not have challenged the amended law before it was enacted, much less before Workman began campaigning in October 2007. Plaintiffs filed their challenge when

---

[12] *Id.* at 4.

[13] *E.g.,* Pls.' Verified Compl. for Declaratory & Injunctive Relief Exh. 3.

they prepared their communications.

• Workman has not met her burden of showing material prejudice. *Cf. id.* Workman has not shown a claimed right or detrimental reliance on Plaintiffs' conduct that allows her to prevail on her motion to dismiss. Rather, the rights of the *plaintiffs* are at issue in this action. Workman does not have a right to silence the speech of an issue-advocacy organization and cannot detrimentally rely on unconstitutional statutes.

**Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny both Workman's motion to intervene and the motion to dismiss for failure to state a claim.

Respectfully submitted,

 /s Shirley J. Stanton
Shirley J. Stanton
West Virginia Bar No. _____
Local Counsel for Plaintiffs
STANTON LAW FIRM
Post Office Box 968
Fairmont, W. Va.  26555
Telephone:  (304) 367-0219
Email: GStanton@ma.rr.com


 /s James Bopp, Jr.
James Bopp, Jr.
Randy Elf
Kaylan Lytle Phillips
Lead Counsel for Plaintiffs
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Ind.  47803
Telephone:  (812) 232-2434
Facsimile:   (812) 235-3685
Email: JBoppJr@aol.com
         RElf@bopplaw.com
         KPhillips@bopplaw.com

October 10, 2008

## CERTIFICATE OF SERVICE

  I, Shirley J. Stanton, do hereby certify that on the 10th day of October 2008, I electronically filed the foregoing "Plaintiffs' Motion for Reconsideration of the Court's October 9 Order, Response by Plaintiffs to Margaret L. Workman's Motion to Intervene as Defendant and Response by Plaintiffs WVRL and Lawhorn to Workman's Motion to Dismiss" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Thomas W. Smith
Managing Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
State Capitol Complex
Building 1, Room E-26
Charleston, W. Va. 25305-0220

Anthony J. Majestro
J.C. Powell
POWELL & MAJESTRO, P.L.L.C.
405 Capitol Street, Suite P-1200
Charleston, W. Va. 2530l

Jan Witold Baran
Kevin Plummer
Thomas Kirby
WILEY REIN
1776 K Street, N. W.
Washington , D. C. 20006

William Porth
ROBINSON & MCELWEE
Post Office Box 1791
Charleston , W. Va. 25326

Joseph Jenkins
Judith Thomas
Nicholas Preservati
PRESERVATI LAW OFFICES
Post Office Box 1431
Charleston , W. Va. 25325

WVFL MOTION TO RECONSIDER AND
RESPONSES TO MOTIONS TO INTERVENE AND DISMISS

Patrick Maroney
MARONEY WILLIAMS WEAVER & PANCAKE
608 Virginia Street, East
Charleston , W. Va. 25301

Stephen Pershing
CENTER FOR CONSTITUTIONAL LITIGATION
Suite 520
777 6th Street, NW
Washington , D. C. 20001

Kathy Brown
Teresa Toriseva
 WEXLER TORISEVA WALLACE
1446 National Road
Wheeling , W. Va. 26003


    I hereby certify that I have mailed the document by United States Postal Service to the following non-CM/ECF participant:

Robbin Stewart
Post Office Box 29164
Cumberland, Ind. 46229


    /s Shirley J. Stanton
    Shirley J. Stanton
    Local Counsel for Plaintiffs