## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

CENTER FOR INDIVIDUAL FREEDOM, INC.,

        Plaintiff,

v.                                     CIVIL ACTION NO.  1:08-cv-00190

BETTY IRELAND and
TIMOTHY D. BOGGESS,

        Defendants,

v.

WEST VIRGINIA EDUCATION
ASSOCIATION, et al.,

        Intervenor Defendants.


WEST VIRGINIANS FOR LIFE, INC.
and ZANE LAWHORN,

        Plaintiffs,

v.                                     CIVIL ACTION NO.  1:08-cv-01133

BETTY IRELAND and
TIMOTHY D. BOGGESS,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the Motion to Dismiss [Docket 159] of Defendant-Intervenors West Virginia Education Association and West Virginia American Federation of Labor and Congress of Industrial Organaizations.(Labor Intervenors) and the Motion to Dismiss [Docket 161] of Defendant-Intervenors Menis Ketchum, Bob Bastress, and Margaret L. Workman (Candidate Intervenors). Also pending before the Court is Defendant Natalie E. Tennant's Motion for Stay or Enlargement of Time [Docket 165] to file responsive memoranda to Plaintiffs' summary judgment motion.

On February 24, 2009, the Court held a status conference at which the parties discussed the posture of the case, the status of any pending motions, and the need for future scheduling. At that conference, the parties discussed the continued participation in the case by the Labor Intervenors and Candidate Intervenors (collectively Intervenor Defendants). Specifically, Plaintiff Center for Individual Freedom (CFIF) represented that it did not oppose the voluntary dismissal of the Intervenor Defendants, however, Plaintiff West Virginians for Life (WVFL) noted that, if it prevailed in the action, it may wish to seek payment of attorney's fees from the Intervenor Defendants. In response to that proposition, the Intervenor Defendants indicated that if they may later be held liable for attorney's fees, they may wish to remain in the case to help defend it. The Court indicated that it would consider briefing on the issue and the following day entered an Order [Docket 158] directing the Intervenor Defendants to file any motions to dismiss by February 29, 2009, with responsive memoranda due by March 6, 2009. The Court also set the deadline for responses to Plaintiffs' pending summary judgment motions on April 15, 2009.

*I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

The instant action results from the consolidation of two similar cases brought by CFIF and WVFL, respectively, challenging a number of provisions of West Virginia's campaign finance laws. The full factual background and procedural history is set forth in the Court's Memorandum Opinion [Docket 125] entered on October 17, 2008. Relevant to the instant motions to dismiss and motion for stay, the lead case was filed by CFIF on March 21, 2008, and originally assigned to United States District Judge David A. Faber. In that case, Judge Faber entered an Order [Docket 25] granting the motions to intervene filed by the Labor Intervenors and the Candidate Intervenors. Judge Faber then issued a preliminary injunction enjoining the application of certain provisions of West Virginia's campaign finance laws as they existed at that time. Subsequently, the West Virginia Legislature held a special session during which it amended a number of provisions of the campaign finance laws, including those affected by the injunction. Prior to the effective date of those amended sections, Judge Faber entered a Memorandum Opinion and Order [Docket 80] finding that the injunction did not cover the amended statutes and dissolving the injunction.

Meanwhile, WVFL filed a separate action before the undersigned District Judge, seeking a preliminary injunction to enjoin the application of the amended provisions. After CFIF filed an Emergency Second Motion for Preliminary Injunction [Docket 90], that case was reassigned to the undersigned District Judge and consolidated with the WVFL case, with CFIF designated as the lead case. Intervenor-Defendant Workman, who had previously been allowed to intervene in the CFIF case, moved to intervene in the WVFL case as well. After the cases were consolidated, the Court held that, because Workman was previously permitted to intervene in the CFIF case, she was permitted to continue in her same capacity in the consolidated case, and denied as moot her motion

3

to intervene. (Docket 97.) The Intervenor Defendants appeared at and participated in the preliminary injunction hearing and have since participated in the case to varying degrees. They now seek dismissal from the case and a ruling that they cannot be held liable for attorney's fees under the fee-shifting provisions of 42 U.S.C. § 1988.

## II. MOTIONS TO DISMISS

### A. Liability for Attorney's Fees

Both the Labor Intervenors and the Candidate Intervenors seek dismissal from the consolidated action on the grounds that with the 2008 election cycle now over, their interest in defending the challenged laws has ceased. WVFL represents that it does not object to "an acceptable stipulation of dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii)." (Docket 162 at 3.) However, WVFL takes issue with Intervenor Defendants' request for a declaration holding that they may not be liable for attorney's fees to a potential prevailing party. (*Id.*) There is no dispute among the parties that an intervening defendant may be held liable for attorney's fees under Section 1988 "only where the intervenors' action was frivolous, unreasonable, or without foundation." *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 761 (1989). Nevertheless, WVFL maintains that the issue of attorney's fees "is premature and not properly before the court," and seeks to stave off an adjudication of that issue until a final judgment is reached. (Docket 162 at 3.)

WVFL cites no authority for the proposition that the issue of attorney's fees is premature, and the Court is unaware of any authority directly on-point. To be sure, no final judgment has been reached and at this stage of the litigation it may not be appropriate or even possible to determine whether a party has prevailed such that it may be entitled to a recovery of any fees under 42 U.S.C. § 1988. However, the facts are undisputed and the legal issues have been largely addressed, even

4

at this preliminary stage. Thus, the Court has sufficient information to determine whether the Intervenor Defendants' action was frivolous, unreasonable, or without foundation. The Court **FINDS** that it was not.

Although the Order [Docket 25] entered by Judge Faber granting the motions to intervene did not specify whether the intervention was permissive or of right, each Intervenor Defendant appears to meet the requirements for intervention of right set forth in *Newport News Shipbuilding and Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 120 (4th Cir. 1981), that: "(1) [the intervenor] has an interest in the subject matter of the action, (2) disposition of the action may practically impair or impede the [intervenor's] ability to protect that interest, and (3) that interest is not adequately represented by the existing parties." As to the Candidate Intervenors, they had an interest in the action because they were to be targeted by many of the advertisements that CFIF and/or WVFL intended to run and they wished to be able to ascertain the persons funding those advertisements so as to combat them effectively during their campaigns. That interest was clearly not represented by the Secretary of State and any ability to protect that interest would have been impaired had the Candidate Intervenors not been permitted to intervene. (*See* Docket 18-1.) The Labor Intervenors, on the other hand, wished to see the challenged provisions upheld for reasons related to their own political speech on the grounds that shielding some political speakers from disclosure—such as CFIF and WVFL—would hinder the effectiveness of speakers who were forced to disclose their sources, such as the Labor Intervenors. (*See* Docket 21.) Again, that interest would not have been represented by the Secretary of State and any ability to protect that interest would likely have been hindered had they been denied permission to intervene. Thus, because the

Intervenor Defendants' intervention was not frivolous, unreasonable, or without foundation, the Court **HOLDS** that they are not liable for attorney's fees under 28 U.S.C. § 1988 in this action.

> B.  *Rule 54 Certification*

In its Response [Docket 163] to the motions to dismiss, CFIF represents that it consents to the voluntary dismissal of the Intervenor Defendants without seeking attorney's fees. It further asserts that the consent of WVFL is not required in this instance because the Intervenor Defendants never became parties to the WVFL action. In support of this proposition, CFIF cites to *Johnson v. Manhattan Ry. Co*, 289 U.S. 479, 496–97 (1933) for the proposition that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, . . . or make those who are parties in one suit parties in another." The Court agrees with CFIF that the consent of WVFL is unnecessary in this case.

First, it is important to note that only Margaret Workman sought to intervene in the WVFL case—a motion which was denied as moot due to the consolidation of the cases. The Labor Intervenors, Menis Ketchum, and Bob Bastress never expressly sought intervention in the WVFL case, and were thus never technically parties to it. Practically, however, all Intervenor Defendants were permitted to voice their concerns as to the challenged portions of the statute. Those concerns were primarily directed at those portions challenged by CFIF, not WVFL. To the extent that the Intervenor Defendants addressed WVFL's claims, that is a secondary consequence of consolidation, which allows the Court to adjudicate similar claims in one action without the need for duplicative litigation. Any participation by the Intervenor Defendants regarding WVFL's claims did not affect WVFL to the degree that they should be considered parties to that action such that WVFL may be entitled to attorney's fees from them if WVFL prevails. Accordingly, the Court **FINDS** as an

additional ground that the Intervenor Defendants are not parties to the WVFL case such that they could be liable to WVFL for attorney's fees.

Nevertheless, the Candidate Intervenors seek a certification of their dismissal under Rule 54 of the Federal Rules of Civil Procedure.[1] Rule 54 provides that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The rule is designed to prevent piecemeal appeals, but "also allows the district court to provide relief to litigants that would suffer undue hardship if final judgment is not entered on the adjudicated claim prior to the resolution of the unadjudicated claims." *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993). The Candidate Intervenors submit that the basis for this request is their fear that, at the end of the litigation, WVFL may be able to appeal the dismissal of the Intervenor Defendants, which may result in "potential liability for an attorney fee award without the ability to defend the merits of the case to prevent WVFL from becoming a prevailing party." (Docket 161 at 7.)

The Fourth Circuit has articulated a number of factors that a district court should consider when determining whether there is no just reason for a delay in judgment.[2] *See Braswell Shipyards*,

---

[1] Although the Labor Intervenors have not sought certification under Rule 54, the Court will consider the issue as to them as well.

[2] Those factors include:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought
> (continued...)

2 F.3d at 1335–36. These factors weigh in favor of certification. First, the issue of whether the Intervenor Defendants may be held liable for attorney's fees is entirely separate from the other issues in this case. Moreover, the Court has already found that their position was not frivolous, unreasonable, or without foundation—further factual development or legal argument would not aid that determination and requiring the Defendant Intervenors to remain in the case simply to make that determination would not be a just reason for delaying the judgment. Finally, WVFL has failed to articulate any just reason for a delay in judgment or cite any case law to support their contention that the issue is not properly before the court.

The Candidate Intervenors present yet another concern that weighs in favor of certification: "[e]ven if the Court [dismisses the Defendant Intervenors], absent certification, WVFL would be able to appeal the dismissal at the conclusion of the litigation." (Docket 161 at 7.) Such a scenario would place the Intervenor Defendants in the precarious situation, in the event of a successful appeal of the issue by WVFL, of being liable for an award of attorney's fees without having defended the merits of the case. In fact, that potential liability is precisely the kind of "undue hardship" contemplated by the court in *Braswell Shipyards* that Rule 54 is designed to avoid. However, that is but one potential outcome if the Court does not certify the dismissal. Another potential outcome is that WVFL may not prevail in the action at all. Such an outcome would render WVFL unable to

---

[2](...continued)
    to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Braswell Shipyards*, 2 F.3d at 1335–36 (citing *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)).

recover attorney's fees from anyone, including the Defendant Intervenors, and the instant issue would be resolved

Thus, there are three potential outcomes: 1) the Defendant Intervenors are dismissed without certification and WVFL prevails in the action, potentially placing the Defendant Intervenors on the hook for attorney's fees by WVFL's later appeal of the dismissal; 2) the Defendant Intervenors are dismissed without certification and WVFL does not prevail in the action, meaning the Defendant Intervenors would not be potentially liable for attorney's fees, and would have stayed in the case for no reason; and 3) the Defendant Intervenors are dismissed with certification, allowing WVFL to appeal the dismissal and ruling on attorney's fees immediately if they wish, and allowing the Defendant Intervenors to choose to remain in the case if the Fourth Circuit determines that they may be liable for attorney's fees. Of these three possible options, the third is the most reasonable. It determines the status of the Defendant Intervenors with certainty, does not prejudice WVFL, and encourages judicial economy by disposing of parties whose further participation is unnecessary. Having previously found that the Defendant Intervenors may not be liable for attorney's fees under 42 U.S.C. § 1988, the Court **FINDS** that there is no just reason for delay in the entry of judgment and that certification under Rule 54(b) is appropriate in this case.

### III. MOTION FOR STAY

In her Motion for Stay or Enlargement of Time [Docket 165], Defendant Tennant represents that a bill has been introduced in the West Virginia Legislature to amend those provisions of the West Virginia Code that this Court held to be unconstitutional in its Memorandum Opinion [Docket

125] and Preliminary Injunction Order [Docket 123] entered on October 17, 2008.[3] Defendant Tennant also states that the legislative session ends on April 11, 2009, and that the final date on which the Governor may sign or veto legislation is April 29, 2009. Finally, Defendant Tennant represents that she recently obtained new counsel, and that the new attorney "needs additional time to familiarize himself with the case." (Docket 165 at 4.) Both CFIF and WVFL filed responses to the Defendant Tennant's motion. CFIF represents that it does not oppose a short extension, but believes that a lengthy stay is unnecessary. WVFL, on the other hand, submits that its claims are based on its actions taken during the 2008 election cycle, which are subject to the laws as they existed at that time, and accordingly any action taken on those laws does not affect the applicability of the 2008 laws to actions taken in 2008.

Counsel for Defendant Tennant represented at the status conference that the Secretary of State would not pursue any claim against CFIF or WVFL based on their actions during the 2008 election cycle. Thus, WVFL's argument that the Court "will need to reach WVFL and Lawhorn's contentions on the 2008 statute" does not need to be addressed at this juncture.[4] (Docket 166 at 3.)

---

[3] Defendant Tennant represents in her Reply [Docket 168], filed on April 3, 2009, that the bill "passed in the House of Delegates (75 to 23), was communicated to the Senate and referred to the Senate Judiciary Committee." (Docket 168 at 2.)

[4] WVFL's citations to *Davis v. FEC*, 554 U.S. ___, ___, 128 S. Ct. 2759, 2770 (2008), and *N.C. Right to Life, Inc. v. Bartlett*, 168 F.3d 705, 711 (4th Cir. 1999), are inapposite. Both of those cases held that a plaintiff maintained standing despite the passage of an election cycle because enforcement of the statute at issue—which had not been amended—was capable of repetition. Such is not the case here. At the status conference, the Secretary of State has represented on the record that she will not pursue any claims against CFIF or WVFL for actions undertaken in 2008 while the preliminary injunction was in place, *i.e.*, that she will not pursue them for their past actions. Nevertheless, CFIF and WVFL have standing to challenge the law as it exists—amended or otherwise—going forward, because their *future* conduct may be subject to regulation or enforcement. However, based on the Secretary of State's representation on the record at the status
(continued...)

Further, the pending legislation may affect the posture of the case going forward and its passage may eliminate the need for future litigation. Accordingly, a brief extension of the responsive deadlines is appropriate. The **April 15, 2009**, deadline for responsive memoranda and **May 6, 2009**, deadline for reply briefs contained in the Court's February 25, 2009 Order [Docket 158] are hereby **VACATED**, and the Court will set out a new briefing schedule, as appropriate.

### IV. CONCLUSION

For the reasons stated herein, the Motion to Dismiss [Docket 159] of Defendant-Intervenors West Virginia Education Association and West Virginia American Federation of Labor and Congress of Industrial Organaizations.(Labor Intervenors) and the Motion to Dismiss [Docket 161] of Defendant-Intervenors Menis Ketchum, Bob Bastress, and Margaret L. Workman are **GRANTED**, and those parties are hereby **DISMISSED**. The Court **FINDS** that the Intervenor Defendants are not liable for attorney's fees in this action under 42 U.S.C. § 1988, and **CERTIFIES** this judgment as final pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Further, Defendant Tennant's Motion for Stay or Extension of Time [Docket 165] is **GRANTED**. The **April 15, 2009**, deadline for responsive memoranda and **May 6, 2009**, deadline for reply briefs contained in the Court's February 25, 2009 Order [Docket 158] are hereby **VACATED**. Responsive memoranda to the pending summary judgment motions, if necessary, shall be due by **May 15, 2009**, with reply briefs due by **June 5, 2009.**

**IT IS SO ORDERED.**

---

[4](...continued)
conference, the Court need not address CFIF and WVFL's claims as to their *past* actions.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 9, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE