September 26, 2008

Via Hand-delivery

The Honorable Betty Ireland
West Virginia Secretary of State
State Capitol
Charleston, West Virginia  25305

RE:     Supplement to Election Violation Complaint

Dear Secretary Ireland:

On September 3, 2008, I filed a Complaint with your office concerning election violations by the Center for Individual Freedom (CIF).   The television advertisements that spurred the original Complaint were clearly political in nature and targeted the relevant electorate.  *See* W. Va. Code § 3-8-1a (23) and (24) and transcript attached.  It cannot be disputed that the advertisements were designed to influence or attempt to influence voters.  *See* W. Va. Code § 3-8-11.   The advertisements, blanketing the airwaves just months before the general election, not only identified me by name and position but also made factually false claims about my actions as a public official. The advertisement clearly expressed disapproval of my positions and actions.   While the advertisement did not identify another candidate by name, it did address all of my opponent's campaign themes. CIF used television advertisements to intervene in the current political venue, and the ads were biased in an attempt to influence voters. *See* IRS FS-2006-1 (Feb, 2006); Judith E. Kindell and John Francis Reilly, *Election Year Issues*, 2002 EO CPE Text,  note 14, at 376-77 (2002).

Today I write to supplement my Complaint because CIF is distributing mailers, again engaging in political or election activity designed to influence or attempt to influence voters.  *See*

Page 1 of 4

mailer attached.  As before, there is no dispute that CIF is engaging in election activities.  *See* W. Va. Code § 3-8-1a(11).   Yet despite engaging in these obvious political activities, CIF has failed to register as a political action committee (PAC). *See* W. Va. Code § 3-8-12(g).

While a 501(c)(4) may engage in limited activities of a political nature, it cannot use its registration as a charitable organization as a license to engage in unbridled political activities. *See* IRC § 501(c)(4).  The integrity of the State's election laws mandates strict compliance and requires oversight.  An organization that engages in political activities cannot circumvent application of elections law based on its own self-characterizations.  If the organization engages in activities to influence elections, it is by definition a PAC and subject to election laws.  *See* W. Va. Code §§ 3-8-1a(19) and 3-8-8. *See also* IRC§ 527.  CIF cannot simply evade any kind of regulation. More importantly, it cannot evade election reporting requirements while it engages in election activities. The bottom line is that CIF either can engage in election activities, in which case it must comply with the election laws, including the reporting requirements, or it cannot engage in election activities and must cease its illegal activity.

Presently, CIF's activities establish either that is a PAC or that its tax exempt status is in question. By engaging in political election activity that influences the election of an individual, CIF, as a 501(c), is subject to the highest corporate tax rate unless it sets up and properly manages a separate segregated account as a PAC. *See* IRC §§ 501(c) and 527(f).  It must keep its funds separate and account for its election activities as required by our State laws. *See* W. Va. Code §§ 3-8-9 and 3-8-12. In that a 501(c) must disclose its political expenditures, evidence exists to establish that CIF is either improperly reporting tax exemptions or is a PAC.  Either way, CIF is engaging in political

election activity designed to influence the election of an individual, thus triggering the requirement that it register as a PAC and accurately account for its funding and activities.

CIF is accepting contributions, buying services and influencing the outcome of the general election, all without any accountability. Only a thorough investigation and strict adherence to the regulation and compliance requirements of this great State will ensure that the public has confidence in our election process. We all seek an open, fair and honest process. A hearing on the matter is critical if we are to obtain candor and accountability; it is axiomatic that cross-examination is the great engine of truth.

I thank you for your attention to this matter. Should you have any questions, please feel free to contact me directly.

Sincerely yours,

Darrell V. McGraw, Jr.
Incumbent West Virginia Attorney General

## VERIFICATION

**STATE OF WEST VIRGINIA**

**COUNTY OF KANAWHA, to-wit:**

I, Darrell V. McGraw, Jr., individually, and in my capacity as the incumbent West Virginia Attorney General seeking reelection, being duly sworn, say that the facts and allegations contained in the foregoing **Supplement to filed Election Violation Complaint** asserted herein are true and

to the best of my knowledge and information are therefore stated to be on information or belief, and

that as to those matters, I believe them to be true.

DARRELL V. McGRAW, Jr.
Incumbent West Virginia Attorney General

Taken, subscribed and sworn to before me this 26th day of September, 2008.

My commission expires February 9, 2010.

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
WILLA JEANNE YOUNG
144 FLETCHER ROAD
SCOTT DEPOT, WV 25560
My commission expires February 9, 2010

NOTARY PUBLIC

*"You Can't Teach an Old Dog New Tricks"*

They say you can't teach an old dog new tricks.  Twenty-eight years
of controversy and Darrell McGraw's at it again.  Spending ten
million dollars from a settlement meant to help workers and the
elderly.  Instead divvying it up between his trial lawyer buddies and
a fund only controlled by McGraw.  The Wheeling Intelligencer
said legislators should have put a leash on McGraw long ago, but
they say you can't teach on old dog new tricks.  Call Darrell
McGraw and tell him to return the people's money.



Maybe You Can't Teach An Old Dog New Tricks.

## But . . .

"Legislators should have put a leash on McGraw long ago."

-The Wheeling Intelligencer, 1/17/08

### It's time for
# Darrell McGraw
### to return the people's money.



After 28 years of controversy, Attorney General Darrell McGraw is at it again. This time, senior citizens and workers are the victims.

In 2004, West Virginia received a $10 million settlement that was supposed to help workers and the elderly. Four years later, these groups haven't seen a dime.

McGraw gave millions in settlement money to his trial lawyer friends and proceeded to spend the rest of the cash on his own pet projects.[1]

Because of the controversy, the Centers for Medicare and Medicaid Services are threatening to withhold West Virginia Medicaid funding.[2]



Darrell McGraw

West Virginia families depend on services like Medicaid and Medicare — especially in these tough times. Don't let Darrell McGraw's reckless spending habits put these programs at risk.

### Call Darrell McGraw at 1-800-368-8808.
### Tell him to return the people's money.

[1]The State Journal 01/25/2008
[2]Charleston Daily Mail 05/14/08

They say you can't teach
an old Dog new tricks.

Paid for by The Center for Individual Freedom.

Nonprofit Org.
U.S. Postage
PAID
The Center For
Individual Freedom

The Center for Individual Freedom
113 South Columbus St., Suite 310
Alexandria, VA 22314

S232 P1
***********ECRLOT**R003