In the United States District Court
for the District of West Virginia
Bluefield Division

| | |
|---|---|
| **Center for Individual Freedom, Inc.,** *Plaintiff* *v.* **Natalie E. Tennant,** West Virginia Secretary of State, and Timothy D. Boggess, Prosecuting Attorney for Mercer County, as a representative of the class of prosecuting attorneys in the state of West Virginia, *Defendants* **West Virginians for Life, Inc.,** and Zane Lawhorn, *Plaintiffs,* *v.* **Natalie E. Tennant,** in her official capacity as Secretary of State for West Virginia and as a member of the West Virginia State Election Commission; Gary A. Collias, William N. Renzelli, Robert Rupp, and Cindy Smith, in their official capacities as members of the West Virginia State Election Commission; and Timothy D. Boggess, in his official capacity as Prosecuting Attorney for Mercer County, West Virginia, as representative of the class of prosecuting attorneys in West Virginia, *Defendants* | Civil Action No. 08-cv-00190 |

**Plaintiffs WVFL and Lawhorn's Second Summary Judgment Reply**

1

## Table of Contents

Table of Contents ........................................................................... 2

I.   Background ........................................................................... 3

II.  Discussion ........................................................................... 3

    A.    Justiciability ........................................................................... 3
    B.    Summary Judgment Standard ........................................................................... 4
    C.    First Principles ........................................................................... 4
    D.    Vagueness ........................................................................... 5
    E.    Overbreadth: In General ........................................................................... 7

    F.    Overbreadth: The Political Action Committee ("PAC"), Unaffiliated PAC, and Political Committee Definitions ........................................................................... 7

    G.    Overbreadth: The Express Advocacy and Independent Expenditure Definitions; the Independent Expenditure Reporting and Disclaimer Requirements; the Electioneering Communication Definition; and the Electioneering Communications Reporting and Disclaimer Requirements ........................................................................... 8

    H.    Overbreadth: The Independent Expenditure Ban ........................................................................... 12
    I.    Facially Unconstitutional ........................................................................... 12
    J.    Narrowing Glosses, Certification, and Severability ........................................................................... 12

III. Conclusion ........................................................................... 13

Certificate of Service ........................................................................... 14

2

**WVFL SJ Reply 2**

Plaintiffs West Virginians for Life, Inc. ("WVFL") and Zane Lawhorn ("Plaintiffs") file this reply to Defendants' response[1] to Plaintiffs' second summary-judgment motion and brief.[2]

## I. Background

Plaintiffs stand by the background in their summary-judgment motion and brief.

## II. Discussion

### A. Justiciability

Although Defendants do not contest ripeness, they re-assert mootness contentions. However, Plaintiffs' claims are not moot, as the Court has held and for the reasons previously explained.[3]

Defendants also challenge Plaintiffs' standing yet only as to political-committee status. Defendants say Plaintiffs lack standing, because Defendants have never regulated or threatened to regulate WVFL as a political committee.[4] This is mistaken. While persons will lack standing when they have only an "imaginary or speculative" fear of enforcement or prosecution, *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298 (1979) (quoting *Younger v. Harris,*

---

[1] Doc. 216.

[2] Docs. 209, 209-7 (also numbered by clerk's office as Doc. 211).

[3] *Compare* Doc. 216 at 3, 12, 13 *with* Doc. 206 at 3 *and* Doc. 191.

[4] Doc. 216 at 20.

401 U.S. 37, 42 (1971)) – such as when they neither (1) have received a threat of enforcement or prosecution, (2) claim that enforcement or prosecution is likely, nor (3) allege the enforcement or prosecution is even remotely possible, *id.* (quoting *Younger,* 401 U.S. at 42) – persons who allege "an actual and well-founded fear" of enforcement or prosecution have standing to file a pre-enforcement action. *Virginia v. American Booksellers Ass'n, Inc.,* 484 U.S. 383, 393 (1988). Plaintiffs do not merely "speculate[]" about the "possibility" that Defendants "could … construe[]" West Virginia law to apply to WVFL. Instead, Plaintiffs reasonably fear it does apply.[5] While Defendants reject this by citing the Court's preliminary-injunction order, they have not addressed Plaintiffs' point that the order is incorrect in this respect.[6]

B. **Summary Judgment Standard**

Defendants do not contest the summary-judgment standard.[7]

C. **First Principles**

Defendants assert government's power to regulate elections. However, this does not trump the principle that freedom of speech is the norm, not the exception, and law regulating political speech must not be vague or overbroad.[8]

---

[5] *Compare* Doc. 216 at 20 (emphasis omitted) *with* Doc. 209 at 5.

[6] *Compare* Doc. 216 at 20 *with* Doc. 209-7 at 32-36.

[7] Doc. 209-7 at 7.

### D. Vagueness

Defendants are mistaken in rejecting Plaintiffs' vagueness challenges.

● As to the phrase "supporting or opposing" in West Virginia law, Defendants recall that the preliminary-injunction order held the phrase is not vague, yet they do not address Plaintiffs' submission that this holding is mistaken.[9]

● Defendants are incorrect in saying *Citizens United v. FEC,* 558 U.S. \_\_\_, \_\_\_, 130 S.Ct. 876, 914-16 (2010), "reaffirmed" the appeal-to-vote test. Instead, *Citizens United* renders it unconstitutionally vague. Defendants disagree by calling the test "clear and objective" and saying *FEC v. Wisconsin Right to Life, Inc.,* 551 U.S. 449[, 470] (2007) ("*WRTL II*"), characterized the test as "objective[,]" but that does not change the fact that *Citizens United,* which follows *WRTL II,* renders the appeal-to-vote test unconstitutionally vague.[10]

And there is more. West Virginia's 2010 and pre-2010 express-advocacy definitions apply the appeal-to-vote test beyond FECA electioneering communications.[11] *WRTL II* rejected a contention that the test was vague by noting

---

[8] *Compare* Doc. 216 at 4 (quoting *Storer v. Brown,* 415 U.S. 724, 730 (1974)) *with* Doc. 209-7 at 7-10.

[9] *Compare* Doc. 216 at 14, 16-17 *with* Doc. 209-7 at 14-16.

[10] *Compare* Doc. 216 at 6-7 & n.9, 22 *with* Doc. 209-7 at 16-18.

[11] *See* Doc. 209 at 8.

it applied only to electioneering communications as defined in FECA.[12] Under *WRTL II,* it follows that elsewhere the test *is* unconstitutionally vague. Defendants disagree, and say no court other than *North Carolina Right to Life, Inc. v. Leake,* 525 F.3d 274, 281-82 (4th Cir. 2008) ("*NCRL III*"), recognized that the appeal-to-vote test applied only to FECA electioneering communications.[13] This is also incorrect.[14] But even if Defendants were right, *NCRL III* would still be binding precedent. The *NCRL III* dissent, which Defendants cite,[15] is not binding.

While Defendants ask for a narrowing gloss to save West Virginia's version of the appeal-to-vote test, no narrowing gloss saves West Virginia law.[16] In any event,

---

[12] Doc. 209-7 at 16 (citing 551 U.S. at 474 n.7).

[13] *See* Doc. 216 at 8, 10 & n.14.

[14] *See New Mexico Youth Organized v. Herrera,* No. CIV 08-1156 JCH/WDS, order at 24-25 (D.N.M. Aug. 3, 2009) ("*NMYO*") (quoting *WRTL II,* 127 S.Ct. 2652, 2667 (2007)), *available at* http://www.nmcourt.fed.us/Drs-Web/view-file?full-path-file-name=%2Fdata%2Fdrs%2Fdm%2Fdocuments%2Fndd%2F2009%2F08%2F03%2F0002481726-0000000000-08cv01156.pdf, *aff'd on other grounds,* 611 F.3d 669, 676-79 (10th Cir. 2010); *id.* at 25 (quoting *WRTL II,* 127 S.Ct. at 2667, and citing *NCRL III,* 525 F.3d at 283, and *National Right to Work Legal Def. & Educ. Found., Inc. v. Herbert,* 581 F. Supp.2d 1132, 1150 (D. Utah 2008)); *Broward Coal. of Condos., Homeowners Ass'ns & Cmty. Orgs., Inc. v. Browning,* No. 08-445, 2009 WL 1457972 at *5 (N.D. Fla. May 22, 2009) (Doc 209-1) (quoting *NCRL III,* 525 F.3d at 282, and citing *WRTL II,* 127 S.Ct. at 2667); *Broward,* 2008 WL 4791004 at *7 (N.D. Fla. Oct. 29, 2008) (Doc 209-2) (quoting *NCRL III,* 525 F.3d at 282, and citing *WRTL II,* 127 S.Ct. at 2667); *National Right to Work,* 581 F. Supp.2d at 1144 (citing *NCRL III,* 525 F.3d at 282); *id.* at 1150 (citing *NCRL III,* 525 F.3d at 282).

[15] Doc. 216 at 9-10 & n.14.

[16] *Compare* Doc. 216 at 6 *with* Doc. 209-7 at 62-63.

the standard for whether a *federal* court may narrow a *state* law is not whether the gloss is "fairly possible" but whether the gloss is "reasonable and readily apparent."[17]

• Defendants do not disagree with the assertion that references to context render their law vague. Instead, they say their law does not regulate speech based on context, yet the pre-2010 law does.[18]

### E. Overbreadth: In General

Defendants have the burden of proving West Virginia law survives scrutiny.[19] They do not disagree.

### F. Overbreadth: The Political Action Committee ("PAC"), Unaffiliated PAC, and Political Committee Definitions

West Virginia's PAC, unaffiliated PAC, and political-committee definitions, through which West Virginia imposes full-fledged political-committee burdens, fail strict scrutiny. It is the definitions, not the accompanying disclosure requirements, which Plaintiffs challenge here.[20] Defendants do not disagree that the definitions

---

[17] *Compare* Doc. 216 at 6, 7 n.10 ("fairly possible") *with* Doc. 209-7 at 62 ("reasonable and readily apparent").

[18] *Compare* Doc. 216 at 8 n.12 *with* Doc. 209 at 8.

[19] Doc. 209-7 at 19-21.

[20] Doc. 209-7 at 21-36.

7
WVFL SJ REPLY 2

fail strict scrutiny. Instead, they acknowledge the major-purpose test; they also contest Plaintiffs' standing, which Plaintiffs have previously addressed.[21]

### G. Overbreadth: The Express Advocacy and Independent Expenditure Definitions; the Independent Expenditure Reporting and Disclaimer Requirements; the Electioneering Communication Definition; and the Electioneering Communications Reporting and Disclaimer Requirements

Defendants say *Citizens United,* 130 S.Ct. at 914-16, overrules *NCRL III,* 525 F.3d at 281-82,[22] yet it does not. As *NCRL III* recognizes, *see id.,* when it comes to spending for political speech by organizations government may *not* regulate as political committees:

> ● *Buckley v. Valeo* held that government may, subject to further inquiry, regulate only express advocacy as defined in *Buckley*. 424 U.S. 1, 39-51, 74-81 (1976).

> ● *WRTL II,* which follows *McConnell v. FEC,* 540 U.S. 93 (2003), then added that government may, subject to further inquiry, ban – and, by implication, regulate – electioneering communications as defined in the Federal Election Campaign Act ("FECA") that pass the appeal-to-vote test.

*Citizens United,* rather than overruling *NCRL III,* removes the appeal-to-vote test as a constitutional limit on government power. Supreme Court precedent now allows government to regulate *Buckley* express advocacy and FECA electioneering

---

[21] *Compare* Doc. 216 at 20 *with supra* Part II.A.

[22] Doc. 216 at 3 n.3, 8, 10-12, 22 ("the faulty reasoning of *Leake*").

communications.[23] Thus, the express-advocacy test is not "impractical"; it is just not the sole limit on government power.[24] If Defendants want to regulate more than what Supreme Court precedent establishes West Virginia has a sufficiently important interest in regulating, *they* must prove their law survives scrutiny.[25]

Defendants' further points about West Virginia law are incomplete or incorrect.

---

[23] Doc. 209-7 at 39-43, 47-49. Defendants' summary of Plaintiffs' contention omits the phrase "as defined in FECA." *See* Doc. 216 at 21. As an aside:

> ● The *NCRL III* plaintiff was not a "political action committee"; instead, NCRL is an organization that state law unconstitutionally regulated as a political committee. *Compare* Doc. 216 at 8 *with* 525 F.3d at 287-90. In that sense, NCRL is like WVFL. *See, e.g.,* Doc 209 at 5-7.

> ● Nor are Defendants correct in saying *NCRL III* is "more restrictive" than what the *Citizens United* plaintiff sought. *Compare* Doc. 216 at 11 *with* 130 S.Ct. at 914-16. Citizens United invited the Court to hold what *WRTL II* had implied: That government may *regulate* FECA electioneering communications only when they pass the appeal-to-vote test. *See Citizens United,* 130 S.Ct. at 914-16.

> ● The appeal-to-vote test is no longer a constitutional limit on government power, yet that is not because the Supreme Court developed the test "in the context of the now obsolete ban on corporate express[]advocacy." This is not where the Court developed the test. *Compare* Doc. 216 at 21 *with* Doc. 209-7 at 39-43.

[24] *Compare* Doc. 216 at 5 *with* Doc. 209 at 43.

[25] *Supra* Part II.E.

- Although Defendants say they regulate only express advocacy and electioneering communications,[26] their regulation of what they call "express advocacy" extends beyond *Buckley* express advocacy and beyond FECA electioneering communications.[27] The same is true of their regulation of what they call electioneering communications.[28] Calling something "express advocacy" does not make it *Buckley* express advocacy, and calling something an "electioneering communication" does not make it a FECA electioneering communication.

- It is incorrect to suggest *Citizens United* implies government may regulate other speech. No such speech was before the Court.[29]

- Neither Defendants' "previous memoranda" nor their spreadsheet[30] proves their law survives exacting scrutiny.

---

[26] Doc. 216 at 22.

[27] *Compare* Doc. 216 at 3 & n.3, 22 *with* Doc. 209 at 39-43, 47-49.

[28] Doc. 209-7 at 47-49.

[29] *Compare* Doc. 216 at 12 *with* 130 S.Ct. at 887-89.

[30] Doc. 216 at 12. One cited document addresses mootness, *see* Doc. 194 at 7-8, and another says exacting scrutiny applies but does not explain why Defendants should prevail. *See* Doc. 199 at 11-12. The cited spreadsheet is no more insightful. *See* Doc. 216-1. Another cited document has text discussed above, *compare* Doc. 176 at 16-19 & n.17 *with* Doc. 216 at 8-10 & nn.13-14 *and supra* Part II.G, reviews a previous order, *see* Doc. 176 at 20, and quotes the West Virginia legislature's findings. *See id.* at 21-22. At best for Defendants, the findings appear to say West Virginia political speakers use non-Broadcast speech, *id.* at 21-22 ¶¶ 3, 9, which is "prevalent" and "effective" at election time. *Id.* at 21-22 ¶¶ 3, 10. However, government may not regulate political speech based on its effectiveness, *see WRTL II,* 551 U.S. at 471 (rejecting the FEC's contention that the effectiveness of speech

10

West Virginia law is also unconstitutional for the additional reasons Plaintiffs have submitted and which Defendants do not refute.[31]

They do say, however, the 24 and 48 hour reporting requirements are not before the Court. This is so, they say, because Plaintiffs' claims concern only the express-advocacy definition, not the reporting law.[32] However, the claims do address reporting of both what West Virginia calls independent expenditures and what West Virginia calls electioneering communications.[33]

---

affected whether government may regulate it); Doc. 209-7 at 10 (noting that *WRTL II* all but forecloses considering factors such as intent, effect, and impact on an election in determining whether speech is regulable (citing 551 U.S. at 467-69 & n.5); *cf. McConnell,* 540 U.S. at 248 (Scalia, J., dissenting) ("this legislation prohibits the criticism of Members of Congress by those entities most capable of giving such criticism loud voice"), non-Broadcast speech is *not* as effective as Broadcast speech, *WRTL II,* 551 U.S. at 477 n.9 (citing *McConnell v. FEC,* 251 F.Supp.2d 176, 569-73, 646 (D.D.C. 2003) (Kollar-Kotelly, J.)), and regulating speech based on its prevalence is contrary to the principle that "more speech, not less, is the governing rule." *Citizens United,* 130 S.Ct. at 911. In any event, much genuine-issue speech is effective and prevalent, yet that does not make it regulable. *See* Doc. 209-7 at 47 (citing *McConnell,* 540 U.S. at 206 n.88). Further, the timing of speech does not affect whether government may regulate it. *See id.* at 10 (citing *WRTL II,* 551 U.S. at 472-73). Nor does West Virginia's belief that particular speech may "influence" elections make it regulable. *Compare* Doc. 176 at 21 ¶¶ 7, 9 *with* Doc. 209-7 at 26 (quoting, *inter alia, North Carolina Right to Life, Inc. v. Bartlett,* 168 F.3d 705, 713 (4th Cir. 1999) (*"NCRL I"*), *cert. denied,* 528 U.S. 1153 (2000)).

[31] *Compare* Doc. 216 at 23 *with* Doc. 209-7 at 51-53.

[32] Doc. 216 at 22.

[33] *See* Doc. 209 at 17 & n.38 (citing Doc. 128 ¶¶ 236 (citing, in turn, W. VA. CODE §§ 3-8-2, 3-8-2b (independent-expenditure reporting requirements)), 240 (citing, in turn, W. VA. CODE § 3-8-2 (electioneering-communication reporting requirements))).

### H. Overbreadth: The Independent Expenditure Ban

West Virginia's independent-expenditure ban is unconstitutional.[34] Defendants do not disagree.

### I. Facially Unconstitutional

The West Virginia law Plaintiffs challenge is facially unconstitutional.[35] Except for a contention based on standing, which Plaintiffs have addressed,[36] Defendants do not separately address facial unconstitutionality.

### J. Narrowing Glosses, Certification, and Severability

No narrowing gloss, certification, or severance is appropriate in this action.[37] Defendants seek only a narrowing gloss, which is incorrect for the reasons previously explained.[38]

---

[34] Doc. 209-7 at 57-58.

[35] Doc. 209-7 at 58-62.

[36] *Supra* Part II.A.

[37] Doc. 209-7 at 62-64.

[38] *Supra* Part II.D; Doc. 209-7 at 62-63.

12

WVFL SJ REPLY 2

## III. Conclusion

For the foregoing reasons and for the reasons stated in their summary-judgment brief, Plaintiffs WVFL and Lawhorn request that the Court grant their second summary-judgment motion.

                                          Respectfully submitted,

/s/ Shirley J. Stanton  
Shirley J. Stanton  
Attorney at Law  
STANTON LAW FIRM  
Post Office Box 968  
Fairmont, W. Va. 26555  
Telephone (304) 367-0219  
*Local Counsel for Plaintiffs*

/s/ Randy Elf  
James Bopp, Jr., Ind. No. 2838-84  
Randy Elf, New York No. 2863553  
Kaylan Lytle Phillips, Okla. No. 22219  
Joseph A. Vanderhulst, Ind. No. 28106-20  
JAMES MADISON CENTER FOR FREE SPEECH  
1 South Sixth Street  
Terre Haute, Ind. 47807  
Telephone (812) 232-2434  
Facsimile (812) 235-3685  
*Lead Counsel for Plaintiffs*

October 19, 2010

13

WVFL SJ REPLY 2

## Certificate of Service

I certify that on October 19, 2010, I electronically filed the foregoing **Plaintiffs WVFL and Lawhorn's Second Summary Reply** with the clerk of court using the CM/ECF system, which will notify the following CM/ECF participants:

Thomas W. Smith
Silas B. Taylor
MANAGING DEPUTY
ATTORNEYS GENERAL
State Capitol Complex
Building 1, Room E-26
Charleston, W. Va. 25305

Anthony Majestro
J.C. Powell
POWELL & MAJESTRO, P.L.L.C.
405 Capitol Street, Suite P-1200
Charleston, W. Va. 25301

Jan Witold Baran
Thomas Kirby
WILEY REIN
1776 K Street, N. W.
Washington, D. C. 20006

William Porth
ROBINSON & MCELWEE
Post Office Box 1791
Charleston, W. Va. 25326

Joseph Jenkins
Judith Thomas
Nicholas Preservati
PRESERVATI LAW OFFICES
Post Office Box 1431
Charleston, W. Va. 25325

Patrick Maroney
MARONEY, WILLIAMS, WEAVER &
PANCAKE
608 Virginia Street, East
Charleston, W. Va. 25301

Stephen Pershing
CENTER FOR CONSTITUTIONAL
LITIGATION
Suite 520
777 6th Street, N. W.
Washington, D. C. 20001

Kathy Brown
Teresa Toriseva
WEXLER, TORISEVA & WALLACE
1446 National Road
Wheeling, W. Va. 26003

I certify that I have mailed the document by United States Postal Service to the following non-CM/ECF participant:

Robbin Stewart
Post Office Box 29164
Cumberland, Ind. 46229

/s/ Randy Elf
Randy Elf

October 19, 2010

14

WVFL SJ REPLY 2